**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELIZABETH ANN SOUTHARD, | No. 20-35640 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00822-BR |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted May 19, 2022**
Pasadena, California

Before: OWENS and BRESS, Circuit Judges, and FITZWATER,*** District
Judge.

Elizabeth Southard appeals from the district court's decision affirming the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Commissioner of Social Security's denial of her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. As the parties are familiar with the facts, we do not recount them here. "We review de novo a district court's order affirming an [administrative law judge's ("ALJ's")] denial of Social Security benefits." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). We may set aside the ALJ's denial of benefits only if it is not supported by substantial evidence or is based on legal error. *Id.* We affirm.

The ALJ provided a specific and legitimate reason for giving only partial weight to Dr. Henderson's medical opinion when the ALJ concluded that there was no objective or clinical evidence in the record to fully support Dr. Henderson's recommended limitations.[1] While Dr. Henderson noted left lower extremity weakness, pain in the left knee, and some antalgia when walking, he also noted that Southard did not need an assistive device and that her knee "seem[ed] to have full extension," could "flex at least 90°," was stable, and exhibited "no swelling or misalignment." Substantial evidence supports the ALJ's determination that these findings did not support Dr. Henderson's recommended limitations of only five

---

[1] While Southard suggests that the clear and convincing reasons standard should apply, she concedes that Dr. Henderson's opinion was contradicted. Therefore, the specific and legitimate reasons standard applies. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

minutes of walking at a time, for up to 45 minutes a day, and no kneeling, crouching, or crawling—especially since Dr. Henderson did not identify which medical or clinical findings justified the walking limitations. *See Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) ("The ALJ need not accept the opinion of any physician . . . if that opinion is brief, conclusory, and inadequately supported by clinical findings." (citation omitted)). Southard also argues that the rest of the medical record—namely, her history of knee surgeries—supports the extreme restrictions. But once again, substantial evidence supports the ALJ's determination that the medical record did not support such extreme limitations, especially given the lack of recent records indicating ongoing knee problems or treatment.

**AFFIRMED.**